Since Mr. Austin was here, and you obviously were here in the previous case, you can deem everything said in the previous case In this case, we have, as opposed to an injury, in this case, as opposed to the previous case, we're dealing with a disease as opposed to an injury. The question, or what is distinguishable in the facts in this case, is that the disease was noted during service as a result of an examination that took place during service. And then there was a subsequent notation that there may have been a problem with that machinery that tested for the ocular pressure to determine whether or not there was or wasn't the presence of that ocular pressure to make or support the diagnosis for glaucoma. However, in this case, the judge said that the argument made by Mr. Bryant was expressly rejected because there is no question of misconduct. This is not, and the 105A presumption is not applicable only when, or excuse me, is not applicable only in the event that there is misconduct. In fact, it is misconduct that nullifies the presumption. You don't get the presumption if there is misconduct. If you don't have misconduct, then you are entitled to the presumption. And in the preceding case, this is another question of applicability. And again, it is distinguishable from the Shedden, Dye, and Conley cases because those cases were revision questions making collateral attacks. And each of those appellants were limited to the evidence that was at stand at the time. In this particular case, we believe that the court misinterpreted by limiting the applicability or conditioning the applicability of 105A only if there was a question of misconduct. And clearly, we believe that that is a misinterpretation. But more importantly in this case, this case raises a question that was not available in the opening brief but was available in the reply brief because of an intervening decision by this court in the Groves case. In the Groves case, this court dealt with the question of the need for medical nexus when you're dealing with a chronic disease. The chronic disease in the Groves case was psychosis as opposed to glaucoma in this case. Now, Mr. Bryant concedes that glaucoma is not identified by Congress in 38 U.S.C. 1112 as an identified chronic disease. But as was noted by the court in the Groves case, the VA went further than 1112 and the presumptions that were afforded in 1112 for the specifically identified chronic diseases and talked about any chronic disease that was noted as such during service and no matter how remote was entitled to a finding or a presumption of service connection. And therefore, the occurrence in this case of the disease. And to me, the debate in this case that has been made by both the VA and the court below that, well, that was a questionable diagnosis. There may have been something wrong with the machinery. Attempts to unring the bell. The bell was rung. There was a diagnosis of glaucoma made. He did have glaucoma post-service. He has glaucoma now. He was entitled to the presumption that what was noted in service as glaucoma, even though there may have been some reason to believe that that diagnosis was mayhaps impaired by the equipment. He was still entitled to the presumption. I'm not clear what it is. The board made a finding that Mr. Bryant never had glaucoma post-service, correct? That's correct. And are you challenging that? Are you saying that he did have it and we ought to be deciding that? I'm saying that under the 105A presumption, because there is evidence of record of the disease in service, that notwithstanding the fact that they made the finding only reinforces the applicability of the presumption, they cannot make that finding without rebutting the presumption. They can't rebut the presumption if they don't consider and apply the presumption. So what the board did was to say, we're going to ignore the presumption, we're not going to afford him the presumption, and we're going to make our own finding that what happened in service was not glaucoma. That's not the way this system was designed by Congress to work. Congress created several very favorable presumptions.  So you're saying 105A applies if you have an x-ray done and it shows something and then they later discover that that was someone else's x-ray and it wasn't really yours. The presumption on the become operative so that you can get some results. No, no, no. So why is there about this case? Because they found that the initial test that demonstrated or they suggested there was glaucoma was not a valid test. Because it was merely a suggestion, Your Honor, and that doesn't rebut the presumption. He is entitled to the presumption. Well, it was more than a suggestion. If I understand the record, they did another test a week later. That's right. And all they did was note that his pressure was not. That's correct, Your Honor. And as I footnoted in the brief, the type of glaucoma that he had did not always reflect that there was ocular pressure. And the fact that he had a test that soon after is in no means dispositive. Not only was the test taken a week later, but the test was taken at the suggestion of the doctor that did the first test who had no confidence in the results. And that's right, Your Honor. But we can't get into this anyway. But you can, Your Honor, because this is a question of law. The question of law here is, when there is something noted in service, does the VA have the right, as the board did in this case, to ignore the statutory presumption and say, because there's conflicting evidence in the record, we're going to make an independent finding and not afford him the presumption? Are you saying that if he had gone into the doctor and had gotten a diagnosis of glaucoma and then had obtained an opinion a week later from a different doctor that said, no, you really don't have glaucoma, are you saying that, well, notwithstanding those two opinions, the fact that there was one opinion, that's enough to trigger the presumption and therefore you have an in-service injury? I have two responses. First, it depends on the timing of those medical opinions. If one, as in this case, was in service and the other was post-service, then only the in-service one counts. Both in service. If they're both in service. Because it seems to me you're arguing that once there is evidence or a diagnosis of an injury, then under the statute, that means that you're entitled to a presumption of in-service injury regardless of subsequent events, such as a different diagnosis the week after. That's like saying that he's not entitled to any credence for the fact that post-service he was diagnosed with glaucoma. Now, it was several years later, but that's the nature of this disease. It is a progressively debilitating condition in which the pressure on the eye becomes increased. I understand that. But what you're arguing is that once there is any evidence or any indication of an injury, then that triggers a presumption. Yes. And that presumption lasts forever? No, that presumption has to be confronted by the VA. That presumption cannot be ignored. The VA has to apply the normal evidence to overcome a presumption. To overcome a presumption. That's correct. They cannot then go to the board and say, we're going to make an independent finding that you didn't have glaucoma. But that's precisely what happened here. Now, that's all valid, it seems to me, if the statute 105A is directed to a presumption of injury. No, no. This is disease. What? Disease. Okay. The same statute applies. Yeah, right. So the question then goes back to the question we discussed a while ago, and that is whether Section 105A raises a presumption of injury or disease, or whether Section 105A is simply a presumption that any injury or disease that is recognized during your period of service is in the line of duty as opposed to a presumption. I would submit to Your Honor that in reading the Groves case and reading a 38 CFR 3.303D, in which the VA has taken the position by regulation that when a chronic disease is noted in service, that at any time post-service, no matter how remote, that same condition is noted, then it will be presumed to be service-connected. And that's precisely what happened here. So you're arguing for a presumption of nexus? Yes. And that's precisely what they did in Groves. They said that he didn't need a separate nexus decision. The Veterans Court said that he did need a separate nexus opinion. The court reviewed 303B, and they said, no, we don't find anything in 303B to support that conclusion. And in fact, to the contrary, we read 303 to provide just the opposite, because of the no matter how remote language. And I agree, Your Honor, that it sets up a counterintuitive circumstance in which you have, as in this case, glaucoma in service, immediately following evidence that there is no glaucoma. And then 25, 30 years later, a diagnosis of glaucoma. But that's what makes this system different. That's why this system is what we constantly give an attribution of being pro-Veteran and a uniquely non-adversarial system. Because under those circumstances, the Veteran does get the benefit of the doubt. And in this case, when he gets a certain kind of disease, a chronic disease, that it is noted as such in service, no matter how remote thereafter, the presumption triggered, and then when he gets the diagnosis post-service, he is entitled to the benefit of service, compensation. Well, Judge Post had a question. Just to make sure I understand, because Judge Post's hypothetical, I think you said where? I believe it was the one on persons, actually, right? Oh, yes. That wouldn't be it. No, no. No, that won't work. Let's see if we can, let me try again with hypotheticals. I'm really concerned about how far your theory goes in the direction of noting the disability in service. You know, it's actually happened to me, so I use it personally. I go in for a blood test, and it comes back that I have hepatitis, which is cause for concern. The doctor says, no, this is concern, but let's have another blood test. Sure. The next blood test comes out, it's completely clean. He says, the lab. Maybe so. Maybe so. Sure. Now, is that evidence noted of disease noted in service, and I developed hepatitis 30 years down the line, that I can trace it back to that test? Yes, sir. And even if the lab comes forth with evidence that we just, we had the wrong test files, it's still noted in service? No, no. No, no. All that does is trigger the presumption. Okay, but there's a presumption. And Judge Lynn said, then the burden shifts to the VA, and the VA has to come forward with evidence to rebut that presumption. And if they can go back to the lab, and the lab technician comes in and says, oh, no, I performed XYZ test, and I should have performed ABC test, and clearly this test would have under no circumstances identified hepatitis, and there's no way of knowing whether you did or didn't have hepatitis, except by the second test, and the second test was wholly negative, then I think the presumption is rebutted. And if at the end of the day one concludes that it's more likely than not that I didn't have hepatitis, then I lose. Right. But the three-card body that was played by the board here was to ignore the presumption and then make their own independent finding that Mr. Bryant, excuse me, was not diagnosed with glaucoma during service. That's not their job. Their job was to consider and apply the presumption, and then once they determined the presumption applied, determine whether or not there was evidence sufficient to rebut that presumption. The presumption was not afforded. There was no effort to rebut the presumption. Mr. Bryant was entitled to the presumption, and this case should be reversed. Thank you very much. Okay. Thank you, Mr. Carpenter. Thank you, Your Honor. Again, the same injunction applies to you, which is you have to repeat things previously said. You can help us with any further consternation. Understood, Your Honor. May it please the Court. This Court should affirm the decision of the Veterans Court that the presumption contained in Section 105A is irrelevant to the issue of whether Mr. Bryant's present disability of glaucoma is causally related to service. In Shannon, this Court held that there are three necessary elements to establish eligibility for disability compensation for a current disability. The first element is the existence of a current disability, in this case glaucoma. That element is met. The second element is the in-service occurrence or aggravation of a disease or in-service injury. And the third is a causal relationship between the in-service injury and the current disability, which has been referred to in court as the nexus requirement. As Mr. Bryant appears to concede, the presumption contained in 38 U.S.C. Section 105A does not apply to this third element, the so-called nexus requirement. This Court has addressed this question as has been discussed here. I think Mr. Carpenter said that in this case nexus would be presumed, and that was with respect to his argument that this is a chronic condition, albeit not one covered by Section 1112. Well, that appears to be the new argument he's making, which is unrelated to Section 105A. That appears to be an argument that was made in his reply brief based upon the Groves case. In any event, that's the case. We have not had a chance to respond to the Groves case, which was raised in the reply brief for the first time. Groves was decided before the opening brief was decided. But in any event, Groves is irrelevant. It's not a Section 105A case, Your Honor. It relies on Regulation 38 CFR Section 3.303B, which is the argument in his reply brief. It's argued here for the first time. In any event, Groves is inapplicable. That's the regulation that deals with chronic conditions. It's tied to 1112, right? That's correct. It has nothing whatsoever to do with 105A. I would just point out to the Court that in Groves, the Court found that, and the Board found, the Federalist Court found, and this Court upheld, that there was paranoid schizophrenia that the claimant had. That was incurred in service. And that was undisputed. That distinguishes it from this case, where the claimant did not have glaucoma while he was in service. In addition, in the Groves case, the condition was determined to be a chronic condition, which is specifically listed as a chronic condition in Section 3.309A. It lists psychosis as a chronic condition. And the Court specifically found that paranoid schizophrenia is a subset of psychosis, and therefore it's a specific disease that's listed. Glaucoma is not listed in 309A. So for all those reasons, plus the fact that it was not timely raised, Groves is inapplicable. So getting back to Section 105A, Judge Lynn, in your discussion, I think you hit right upon the key factor here, and that is that Section 105A presumption does not apply to presume that Mr. Bryant had glaucoma while he was in service. And that is what the claimant wishes to be presumed. So if the government's position is presumption of glaucoma only applies if misconduct was planned, that would be the argument? There's not a misuse, but an interchanged use in the discussion of whether Section 105 applies and whether Section 105 is relevant.  Section 105A applies, as the Court has indicated, to show that an injury that occurred in service occurred in the line of duty. In this case, there was an injury in 1962. Mr. Bryant came in. He had irritation to his eye. He saw halos around his eye. He is entitled to a presumption that that injury occurred in the line of duty. And why is that important? Your Honor has related to it in the discussion here. But in line of duty is very important because you're only entitled to compensation under the provisions that apply, which is 38 U.S.C. Section 1110 and 38 U.S.C. Section 1331, if an injury occurs in the line of duty. If it doesn't occur in the line of duty, you're not entitled to compensation. And what Section 105A is intended to do is to presume when you have an injury that it occurred in the line of duty, unless it was due to willful misconduct or drug abuse or alcohol abuse. And that's very important because it entitles you to compensation. It does not, as Your Honor mentioned, allow you to presume an injury. And you can look directly at the words of what the statute says. The statute says, an injury or disease incurred during active military, naval, or air service will be deemed to have been incurred in the line of duty. What will be deemed is that the injury occurred in the line of duty. It is not deemed that you had an injury. This is pointed out in the Routen case, where it says that the predicate evidence establishes, must be established to trigger the presumption. The predicate evidence for the application of Section 105A is the existence of an injury. That's the predicate evidence. And the fact to be presumed is in the line of duty. In this case, the predicate evidence is not there. The predicate evidence is that there has to be glaucoma. That's not there because he didn't have glaucoma in service. That was up for the board to decide, for the R.O. to decide, and for the Veterans Court, using the appropriate standards of view, to look at. They determined that he did not have glaucoma in service. Therefore, it cannot be presumed that glaucoma arose in the line of duty. The statute says in 105A that injury or disease incurred during active duty, etc., incurred. What does that mean? Is it enough that there is some notation of a disease or injury? Certainly not. Certainly that's not enough. Is it part of a diagnosis? Certainly not. And I think Your Honor's hypothetical on the hepatitis is directly to that point. Whatever occurred during service can be presumed to have occurred in the line of duty, but glaucoma did not incur during service. What occurred during service in this case was eye irritation and halos around the eyes. It's for the board, for the R.O. to determine, which is what they want, whether or not glaucoma incurred during service. That is a factual question to be decided. It was looked at on the evidence. There was acute glaucoma originally diagnosed. The original general physician determined that he wasn't sure whether or not there was glaucoma because there could have been a problem with the equipment, with the tonometer. He asked for a second opinion from an ophthalmologist. The ophthalmologist said he didn't have glaucoma. The tonometer equipment was not operating properly. It's exactly like the hepatitis example that Your Honor gave where he had the wrong testing. He didn't have glaucoma in service. That is appropriate medical evidence to be weighed and determined whether he had it. So once you determine he didn't have glaucoma, that's not what occurred in service. There's no presumption that glaucoma occurred in the line of duty. Your position is that in the facts of this case, the question of whether Mr. Bryant had glaucoma at the time he was in service or not is not affected by any presumption. That requires simply an evaluation of evidence and a determination of some sort of whether he had the injury or not, the injury or disease at the time. The glaucoma. The glaucoma. Precisely. If the determination was made that he had glaucoma, the presumption in 105A is that that glaucoma was incurred in the line of duty and therefore he was eligible for compensation in some way. The presumption of 11. 11 would establish that it adds a notation of a condition. Well, that. Correct. The second element of shedding would then be met with respect to glaucoma. You're still left with the question of whether there is a nexus between that in-service condition and his present condition. It's pretty easy to establish that. Well, I mean, that's a medical opinion. That's a medical question. Realistically, if you test it and determine that you have glaucoma and there's later eye condition, glaucoma-related eye condition of losing sight, that's not going to be hard to find. Well, I mean, it's 30 years later. Like, for example, in this case, you have interim findings where there was no glaucoma. There's also a major medical distinction, and the medical literature makes this clear, between what's called acute glaucoma, which is what he was diagnosed with, and chronic glaucoma, which is a separate condition. Is it likely that a medical doctor would find that? I really don't know the answer. Certainly, there's a much better probability with it. That's why the claim is so insistent upon trying to apply the presumption to have the second element met by having glaucoma diagnosed in service. It just wasn't. That's not what the presumption is about for precisely the reason that Your Honor indicated. But it's technically inaccurate to say that Section 105A doesn't apply at all in this case, because it does apply to meet the second element of Shedden with respect to the actual injury that occurred, which is the eye irritation and the halo-C. It implies no injuries. Any time there's an injury. Unless there's… There's no injury at all. Right. And it's important to note that it's a very important presumption, and I think one example would be cancer. Let's say you develop cancer while you're in service, and the cancer is caused by cigarette smoking. You know, it has absolutely nothing to do with the fact that you're in service. Had you not been in service, it would have occurred anyway. What the presumption of Section 105A says is that doesn't matter. It doesn't matter at all, because it's presumed to occur in the line of duty. You were in service. It was coincident with your service. Therefore, we presume that it occurred in the line of duty, and therefore, that entitles you to or makes you eligible for compensation under Sections 110 and 1331. Same thing with a basketball injury that occurs or some other type of injury that occurs while you're on leave or something. It occurred in the line of duty under the definition. So if the Court has no further questions, I don't have anything else. Thank you. Thank you. All rise. The honorable Court is adjourned until tomorrow morning at 10 o'clock. Thank you.